NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ERIC I. BONDY-JOHNSON,

               Plaintiff,

        v.

T. LOPEZ,

               Defendant.

Civil Action No. 25-8640 (MAS) (TJB)

**OPINION**

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff Eric I. Bondy-Johnson's ("Plaintiff") civil complaint (ECF No. 1) and application to proceed *in forma pauperis* (ECF No. 1-1). Having reviewed the application, the Court finds that *in forma pauperis* status is warranted in this matter, and Plaintiff's application is therefore granted. Because the application shall be granted, the Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

I.    **BACKGROUND**

Plaintiff is a state pre-trial detainee currently detained in the Hudson County Correctional Facility. (Compl. 2-3, ECF No. 1.) On April 5, 2025, Plaintiff was housed in the medical department and was handing out dinner trays alongside Defendant Officer T. Lopez ("Lopez"). (*Id.* at 5.) As they worked, Lopez would open each cell individually and Plaintiff would then

provide the dinner tray to the inmate within the cell. (*Id.*) Eventually, they came to room 203, which housed inmate Perez. (*Id.* at 6.) Plaintiff told Lopez that Perez had previously hit a worker with a tray, so Plaintiff asked Lopez to provide Perez with his dinner tray. (*Id.*) Lopez then proceeded to unlock Perez's door to give Perez the tray as Plaintiff had requested. (*Id.*) But Perez "pushed the door open[,] pushing [Lopez] backwards," at which point Perez ran "full speed" down the hall with a food tray and attacked Plaintiff. (*Id.*) Lopez called for assistance using the code for reporting inmate fights, while Plaintiff fought back against Perez, grabbing Perez and holding him down until help arrived. (*Id.*) Officers then arrived and took both inmates into custody. (*Id.*) Based on these facts, Plaintiff asserts that Lopez "failed to protect" him as the attack "could have been prevented." (*Id.*)

## II.    **LEGAL STANDARD**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to screen Plaintiff's complaint and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must

contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "naked assertion[s] devoid of further factual enhancement." *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 550 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III.    DISCUSSION

In his complaint, Plaintiff asserts that Defendant Lopez failed to protect him from an attack by another inmate in violation of his Fourteenth Amendment rights. In order to plead a viable failure to protect claim under the Fourteenth Amendment, a plaintiff must plead facts showing that he was incarcerated under conditions posing a substantial risk of serious harm, and that defendants were deliberately indifferent to that risk – i.e. they were actually aware of the risk and at least recklessly failed to address it. *See Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012); *see also Torres v. Monmouth Cnty. Corr. Inst.*, No. 19-17704, 2021 WL 3773687, at *3-4 (D.N.J. Aug. 25, 2021).

Here, Plaintiff pleads only that he told Lopez that Perez had previously struck a kitchen worker and, therefore, requested that Lopez deliver Perez's dinner tray. According to Plaintiff, Perez did just that, and it was while Lopez was doing as Plaintiff requested that Perez unexpectedly attacked Lopez, striking the door and knocking Lopez down, providing the brief opening that resulted in Perez running to attack Plaintiff. Plaintiff alleges that Lopez then called for help, which arrived shortly later, after Plaintiff had quickly subdued Perez. Based on these facts, Plaintiff has failed to adequately allege that Lopez was deliberately indifferent to the threat of Perez. Lopez, at Plaintiff's request, attempted to take the food tray to Perez so that Plaintiff was not at risk of being struck with a tray as Plaintiff had feared. It was Lopez's attempt to help Plaintiff avoid interaction with Perez that unfortunately provided Perez with the opportunity to knock Lopez down so that Perez might then assault Plaintiff. Lopez thereafter immediately called for help. These facts indicate that Lopez sought to prevent the harm in question. That Lopez did not succeed does not indicate deliberate indifference to Plaintiff's safety. Plaintiff has thus failed to plead a plausible claim for relief under the Fourteenth Amendment, and his complaint must therefore be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## IV.    CONCLUSION

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1) is **GRANTED**; and Plaintiff's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted. An order consistent with this Opinion will be entered.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE